FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2015 SEP 28  P 1:48

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington Field Office 131 M. Street, N.E. Washington, D.C. 20507<br><br>Plaintiff,<br><br>v.<br><br>STANLEY MARTIN COMPANIES, LLC, 11111 Sunset Hills Rd., Suite 200 Reston, VA 20190<br><br>Defendant. | Civil Action No. 1:15-cv-1246 AJT/IDD<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages due to employees as a result of such unlawful payments and under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Carrie Smith who was adversely affected by such practices.

As alleged with greater particularity below, the United States Equal Employment Opportunity Commission alleges that Defendant Stanley Martin Companies, LLC, discriminated against Smith, in violation of the Equal Pay Act and Title VII of the Civil

Rights Act of 1964, by engaging in unlawful compensation discrimination by paying her lower wages than those paid to her male counterparts for performing equal work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963 ("EPA"), codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Alexandria Division.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" and "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the Equal Pay Act and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705, and by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Stanley Martin Companies, LLC ("Defendant") has continuously been an employer doing business in the Commonwealth of Virginia and the City of Fairfax and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i), and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i), and (j) and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that the enterprise has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Carrie Smith ("Smith") filed a charge of discrimination with the Commission alleging violations of the

EPA and Title VII by her former employer, Defendant.

9. On August 3, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the EPA and Title VII were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. On September 2, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF TITLE VII CLAIMS

13. Since at least January 2013, Defendant has engaged in unlawful employment practices in violation of Section 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)((1) and (3) by pay Smith lower wages than those paid to her male counterparts for performing equal work and by failing to promote Smith to the position of Purchasing Manager while hiring a similarly situated male for the Purchasing Manager position.

14. Defendant hired Smith in, or around, January 2013 as a Budget Analyst with an annual starting salary of $52,000.

15. Shortly after her hire, Defendant assigned Smith duties of a Purchasing Manager. Smith expressed interest in being promoted to Purchasing Manager. She was qualified for the Purchasing Manager position.

16. On, or around, February 4, 2013, Defendant switched Smith's computer usage rights from those of a Budget Analyst to those of a Purchasing Manager. Defendant continued to pay Smith the salary of a Budget Analyst.

17. In March 2013, Defendant denied Smith's request for promotion to Purchasing Manager. Defendant hired a male for the Purchasing Manager position and paid him an annual starting salary of $80,000.

18. In July 2013, Defendant promoted Smith to Purchasing Manager and paid her an annual starting salary of $58,000. Smith's salary was lower than her male counterparts. Specifically, in 2013, Defendant paid male Purchasing Manager Jack Campbell $74,263 and paid male Purchasing Managers Scott Scheide and Casey O'Neill $80,200 respectively.

19. All Purchasing Managers performed equal work and had the same responsibilities.

20. In January 2014, Smith advised Defendant that she had been paid lower wages than the male Purchasing Managers for performing equal work. Nonetheless, Defendant continued to pay Smith lower wages than her male counterparts for performing equal work and her lower wages for performing equal work persisted until she resigned on March 31, 2013.

21. The effect of the practices complained of in paragraphs 13-20 above has been to deprive Smith of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

22. The unlawful employment practices complained of in paragraphs 13-20 above were intentional.

23. The unlawful employment practices complained of in paragraphs 13-20 above were done with malice or with reckless indifference to the federally protected rights of Smith.

## STATEMENT OF EQUAL PAY ACT CLAIMS

24. Since at least December 2009, Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Smith lower wages than those paid to her male counterparts for performing equal work as Purchasing Managers.

25. As a result of the acts complained of above, Defendant unlawfully has withheld the payment of wages due to Smith who received lower compensation than male Purchasing Managers. The practices include paying wages to Smith at rates less than the rates paid to male Purchasing Managers in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

26. The unlawful practices complained of in paragraph 24-25 above were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Smith by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices complained of above.

D. Grant a judgment requiring Defendant to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Smith whose wages were unlawfully withheld as a result of the acts complained of above.

E. Order Defendant to make whole Smith by providing compensation for past pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-20 above, in amounts to be determined at trial.

F.  Order Defendant to pay punitive damages for its malicious and reckless conduct, as described above in paragraphs 13-20 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE

Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA LUISA MOROCCO
Supervisory Trial Attorney

KEYANA C. LAWS
Senior Trial Attorney
U.S. EEOC
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
Phone: (215) 440-2642
Fax: (215) 440-2848
Keyana.Laws@eeoc.gov

DAVID STAUDT
Trial Attorney
U.S. EEOC
Baltimore Field Office
City Crescent Building
10 South Howard Street, 3rd Floor
Baltimore, MD 21201
Phone: (410) 209-2249
Fax: (410) 962-4270
david.staudt@eeoc.gov
Virginia State Bar No. 47442

ATTORNEYS FOR PLAINTIFF