IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> STANLEY MARTIN COMPANIES, LLC, <br><br> Defendant. | Civil Action No. 1:15-cv-1246 AJT/IDD |

## CONSENT DECREE

This Action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission"), against Stanley Martin Companies, LLC ("Defendant"), alleging violations of the Equal Pay Act of 1963, 29 U.S.C. §§ 206(d)(1) and 215(a)(2) (the "EPA"), Sections 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission alleged that Defendant subjected former employee Carrie Smith ("Smith") to unequal compensation and failed to promote her because of her sex. Defendant denies the Commission's allegations, and further denies that it has any liability whatsoever to Smith.

The Commission and Defendant desire to resolve this action without the time, expense and uncertainty of continued litigation and they desire to formulate a plan, to be embodied in a Consent Decree ("Decree"), that will resolve the Commission's

alleged claims and promote and effectuate the purposes of the EPA and Title VII. This Decree does not constitute an adjudication on the merits of the Commission's case and it shall not be construed as a waiver by the Commission of any contentions of discrimination except as set forth herein. Furthermore, this Decree does not constitute an admission by Defendant that it has done anything wrong or that it has any liability to the Commission or Smith. The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, the EPA, and Title VII. Therefore, upon due consideration of the record herein,

It is **ORDERED, ADJUDGED AND DECREED:**

1. This Decree resolves all claims alleged in the Complaint filed by the Commission in this EPA and Title VII action, which emanated from the Charge of Discrimination filed by Carrie Smith, EEOC Charge No. 570-2014-00856.

2. This Decree shall be in effect for a period of two (2) years from the date it is entered by the Court.

### NON-DISCRIMINATION AND NON-RETALIATION

3. Defendant and its officers, directors, employees, successors, and assigns are hereby enjoined from violating the EPA or Title VII, and shall not discriminate nor take adverse employment actions against individuals on the basis of sex.

4. Defendant shall not retaliate, coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of any right granted and protected by the EPA or Title VII.

## MONETARY RELIEF

5. In full settlement of damages alleged by the Commission in this case, Defendant will pay Ms. Smith $45,000 within thirty (30) days from the date of entry of the Decree. Defendant will issue the appropriate IRS forms (W-2 and 1099) to Ms. Smith.

6. Defendant shall send a check directly to Ms. Smith, by certified mail or express delivery service, at an address provided by the Commission. Within three (3) business days of such payment, Defendant shall send a photocopy of the check, along with a photocopy of the certified mail receipt or other documentation of delivery, to the Commission's counsel of record at the Philadelphia District Office.

## TRAINING

7. Within ninety (90) days from the date of entry of the Decree, Defendant shall provide one and one-half hours of live training for all management personnel, officers, supervisors, and all persons making decisions concerning compensation and promotion. The training will focus on Defendant's obligations under the federal equal employment opportunity laws, with an emphasis on preventing sex discrimination, including non-discrimination in pay and promotional decisions under the EPA and Title VII. All management personnel, officers, supervisors, and all persons making decisions concerning compensation and promotion who do not regularly work in the Reston, Virginia location may attend the training by web conference. For the duration of this Decree, Defendant shall provide the same training (a recording from the live training) to newly hired or appointed management personnel, officers, supervisors, and all persons making decisions concerning compensation and promotion within thirty (30) days of his/her date of hire or appointment.

8. Within ninety (90) days from the date of entry of the Decree, Defendant shall provide one (1) hour of live training for all other non-management personnel. The training will focus on Defendant's obligations under the federal equal employment opportunity laws, with an emphasis on preventing sex discrimination, including non-discrimination in pay and promotional decisions under the EPA and Title VII. Non-management personnel who do not regularly work in the Reston, Virginia location may attend the training by web conference. For the duration of this Decree, Defendant shall provide the same training to newly hired non-management personnel within thirty (30) days of his/her date of hire.

9. The training shall be led by an external EEO consultant or law firm, previously agreed to by the parties, which agreement shall not unreasonably be withheld. Within seven (7) days of completion of each component of the training, Defendant shall provide certification to the Commission's counsel of record that such training has occurred. This certification shall include the dates, times, locations of the training, a signed attendance list which lists the names and job titles of all attendees, and a list of all employees who, because they were absent of on the day of the training, will receive the training pursuant to the procedures set forth in paragraph 10. Defendant shall provide to the Commission's counsel of record at the Philadelphia District Office a copy of all written materials provided to employees during the training sessions.

10. If an employee is absent on the day of training, s/he will be provided a copy of all materials from the training and within thirty (30) days of the training session watch the recorded presentation of the missed training session. Within (5) five days of this occurring, Defendant will provide certification to EEOC counsel of record in the Philadelphia District Office that the employee(s) received the written materials and

watched the recorded presentation. The certification will include the name and title of the employee(s) at this presentation.

## POLICIES

11. Within thirty (30) days from the execution of this Decree, Defendant will implement and disseminate to all existing employees, and begin disseminating to new hires, revised policies, previously agreed to by the EEOC, such approval not to be unreasonably withheld, that modify the prior restriction on employee discussion of salary or compensation information with anyone but his/her supervisor and/or a member of the Human Resources Department. Defendant's restriction regarding discussion about salary or compensation shall continue to apply to instances in which an employee who has access to wage information of other employees as a part of such employee's job functions discloses the wages of such other employees to individuals who do not otherwise have access to such information.

12. Defendant shall forward to the Commission's counsel of record in the Philadelphia District Office a copy of all policies required to be modified by this Decree and a declaration from the responsible Defendant official authenticating the revised policies and verifying that they have been disseminated to all employees within seven (7) days of dissemination.

## POSTING

13. Within seven (7) days after entry of the Decree, Defendant shall post, in all places where notices to employees customarily are posted in each of its facilities, the Notice attached hereto as Exhibit A and made a part hereof. Said Notice shall be posted and maintained for the life of the Consent Decree and shall be signed by the Executive Vice President and General Counsel of Stanley Martin Companies, LLC, with

5

the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant shall ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified. Within three (3) business days of completion of the required posting, Defendant shall forward to the Commission's counsel of record in the Philadelphia District Office a copy of the signed Notice attached hereto, written certification that the Notice has been posted, and a statement of the locations and date(s) of posting.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

14. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree including, but not limited to, monetary sanctions and injunctive relief.

15. Upon motion of the Commission or Defendant, this Court may schedule a hearing for the purpose of reviewing possible non-compliance with this Consent Decree. Prior to such motion, the moving party shall notify the non-moving party, in writing, of the alleged non-compliance. Upon receipt of written notice, the non-moving party shall have fifteen (15) days to either correct the alleged non-compliance, and so inform the moving party, or deny the alleged non-compliance in writing.

   A. If the parties cannot in good faith resolve their dispute, the moving party may file with the Court a motion to correct and remedy the breach;

   B. Each party shall bear its own costs, expenses, and attorneys' fees incurred in connection with such action; and

   C. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Eastern District of Virginia, Alexandria Division.

## REPORTING REQUIREMENTS

16. Commencing one year from the date of this Decree's entry, and continuing every 12 months throughout its duration, Defendant shall provide written reports to the Commission identifying all complaints of alleged sex discrimination in pay and/or promotion, if any, for the preceding 12 month period. Each report shall identify all persons who complained to Defendant of the alleged sex discrimination during the reporting period, any witnesses to such alleged matters, and any persons allegedly involved in the reported discriminatory employment decisions and/or conduct. Specifically, such identification shall include:

    A. the date of the complaint;

    B. the nature of the complaint;

    C. the name, address, telephone number(s), and job title of each person who made the complaint;

    D. the name, address, telephone number(s), and job title of each person who was alleged to have engaged in discriminatory conduct;

    E. the name, address, telephone number(s) and job titles of each person whom Defendant contacted, interviewed, or otherwise obtained information from concerning the complaint; and

    F. a detailed description of all action taken in response to each complaint.

17. Each report required by paragraph 16 shall include copies of all documents reflecting the action(s) Defendant took to investigate each complaint and copies of any statements obtained.

18. Each report required by paragraph 16 shall include certification by Defendant that the Notice required to be posted pursuant to this Decree remained posted during the entire period required.

## MISCELLANEOUS

19. The Commission and Defendant shall bear their own costs and attorneys' fees.

20. All claims brought by the Commission against Defendant in the instant action (Civil Action No. 1:15-cv-1246) shall be dismissed with prejudice, subject to this Court's jurisdiction to enforce provisions of this Consent Decree.

21. If any provision(s) of this Consent Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

22. The terms of the Consent Decree are and shall be binding upon (a) Defendant; (b) all present and future parents of Defendant; (c) all present and future subsidiaries of Defendant; and (d) all present and future owners, officers, directors, employees, successors, or assigns of Defendant; provided that with respect to successors, the obligations of the Decree shall apply only to the facilities of Defendant that existed as of the time of the succession, and any successors to such facilities, as well as the employees who work at such facilities and successor facilities. Nothing herein shall permit Defendant or a successor of Defendant to evade any obligations under this Decree.

23. This Decree constitutes the entire agreement and commitments of the parties. Any modifications or waivers to this Decree must be mutually agreed upon and

memorialized in a separate writing signed by Defendant and the Commission and approved by the Court.

24. When this Decree requires the submission of any documents to the Commission, if not otherwise indicated in the Decree or Attachments, they shall be mailed by certified mail or sent by guaranteed overnight courier to the Commission's counsel of record in the Philadelphia District Office.

The undersigned counsel of record hereby consent to the entry of the foregoing Decree.

| FOR PLAINTIFF | FOR DEFENDANT |
| --- | --- |
| | STANLEY MARTIN COMPANIES, LLC |
| *[signature]* | *[signature]* |
| DEBRA M. LAWRENCE | MICHAEL L. STEVENS |
| Regional Attorney | (admitted *pro hac vice*) |
| | Arent Fox LLP |
| *[signature]* by *tmx* | 1717 K Street, NW |
| MARIA LUISA MOROCCO | Washington, D.C. 20006 |
| Supervisory Trial Attorney | Phone: (202) 857-6382 |
| | Fax: (202) 857-6395 |
| *[signature]* by *tmx* | michael.stevens@arentfox.com |
| KEYANA C. LAWS | |
| (admitted *pro hac vice*) | *[signature]* |
| Senior Trial Attorney | KAREN S. VLADECK |
| U.S. EEOC - Philadelphia District Office | Virginia State Bar No. 83064 |
| 801 Market Street, Suite 1300 | Arent Fox LLP |
| Philadelphia, PA 19107 | 1717 K Street, NW |
| Phone: (215) 440-2642 | Washington, D.C. 20006 |
| Fax: (215) 440-2848 | Phone: (202) 857-6280 |
| keyana.laws@eeoc.gov | Fax: (202) 857-6395 |
| | karen.vladeck@arentfox.com |
| *[signature]* by *tmx* | |
| DAVID STAUDT | |
| Trial Attorney | |
| Virginia State Bar No. 47442 | |
| U.S. EEOC - Baltimore Field Office | |

City Crescent Building
10 South Howard Street, 3rd Floor
Baltimore, MD 21201
Phone: (410) 209-2249
Fax: (410) 962-4270
david.staudt@eeoc.gov

IT IS SO ORDERED:

Signed and entered this 30 day of December, 2015.

/s/
Anthony J. Trenga
United States District Judge
Anthony J. Trenga, United States District Judge
United States District Court for the Eastern District of Virginia